UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 22-mj-1022, 23-CR-07 (DSD/JFD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S SECOND MOTION** |
| | **)** | **FOR REVOCATION, AND** |
| vs. | ) | **OBJECTION TO AND REQUEST** |
| | ) | **FOR REVIEW OF DETENTION** |
| RIVER WILLIAM SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

PLEASE TAKE NOTICE that Defendant River William Smith, through undersigned counsel, hereby moves to revoke and objects to the Magistrate Judge's Order of Detention filed on December 30, 2023 (Doc. 10).  Mr. Smith requests that the District Court Judge immediately review Mr. Smith's detention and order his release due to failure to follow statutory requirements by not filing a written order until a previous motion raised that failure, and because the evidence presented at the detention hearing was insufficient to support a conclusion by clear and convincing evidence that Mr. Smith poses a danger to the community. The motion is made pursuant to 18 U.S.C. §3145(b), and Mr. Smith requests a de novo review. United States v. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003); United States v. Doby, 928 F.3d 1199, 1202 (10th Cir. 2019); United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985); United States v. Villatoro-Ventura, 330 F. Supp. 3d 1118, 1123 (N.D. Iowa 2018). In the alternative, an objection and request for review is made pursuant to LR 72.2(a) and 28 U.S.C. § 636(b)(1).

At the conclusion of the hearing on December 20, 2022, Magistrate Judge Elizabeth Cowen Wright orally ruled that Mr. Smith should be detained during these proceedings pursuant to 18 U.S.C. § 3142. On December 29, 2022, Mr. Smith filed a Motion for Revocation, and Objection and Request for review of detention on the grounds that as of that date - nine days after the hearing, the Magistrate Judge had not issued any written findings of fact and a written statement of reasons for the detention as required by 18 U.S.C. § 3142(i)(1), and because the evidence did not support a conclusion by clear and convincing evidence that Mr. Smith presented a danger to the community. (Doc. 9). Later that evening, the prosecution emailed a proposed order to the Magistrate Judge's chambers. The next day, December 30, 2022, the Magistrate Judge filed a written Order of Detention.[1] (Doc. 10). The detention decision still must be overruled because of the failure to follow the statutory procedure within a reasonable time, and because the Order fails to provide legitimate reasons for detention.

## I.    FAILURE TO FOLLOW THE STATUTE.

The failure to file the statutorily required written findings and conclusions until **after** Mr. Smith filed his challenge to the detention based on part of on the failure to follow the statute, necessitates the release of Mr. Smith from detention. As previously stated, § 3142(i)(1) specifically requires that were detention is ordered, the order must "include written findings of fact and a written statement of the reasons for the detention."

---

[1] The Magistrate Judge's Order included most of the content of the prosecution's proposed order, and also added additional reasoning.

2

See also United States v. Salerno, 481 U.S. 739, 752, 107 S. Ct. 2095, 2104, 95 L. Ed. 2d 697 (1987)("the judicial officer must include written findings of fact and a written statement of reasons for a decision to detain. § 3142(i)");  Maull, 773 F.2d at 1482.

The issuance of a written order ten days after the hearing, and after an objection to the failure to file a written decision, defeats the purpose of the statute.  18 U.S.C. § 3142(f) provides that the hearing cannot be continued longer than five days after the defendant's first appearance before a judicial officer. The actual decision on detention is intertwined and integral to the hearing and determination of detention. The failure to issue the required written decision until ten days after the hearing, and in this case, fifteen days after Mr. Smith's first appearance before a judicial officer, completely negates the procedural and timeliness protections of the statute.

Further, the Court should not allow the violation of the required statutory procedures to be cured by issuing the required written order only after the defense raised its objection to detention due to the failure to file a written order. When no written order had been filed for nine days after the detention hearing, it was reasonable for Mr. Smith to request that the Court revoke his revocation on that grounds. It is clear that the Magistrate Judge only decided to file the written order after Mr. Smith filed his challenge. The record should be frozen at the time that Mr. Smith filed his challenge to his detention based on the substantial failure to follow required procedures. It makes a mockery of the

3

process if the Magistrate Judge is able to effectively supplement the record in response to challenges to her decision.

## II.   LACK OF EVIDENCE OF DANGER.

Notwithstanding the post-hoc lengthy written order explaining Mr. Smith's detention, there is a lack of substantive basis for finding by clear and convincing evidence that Mr. Smith presents a danger to any other person and the community if released.[2] It was undisputed that Mr. Smith has no history of violence whatsoever, had never threatened anyone with violence, and did express any specific plan to commit any act of violence. It is also undisputed that Mr. Smith has no prior criminal convictions.[3] The reasons provided by the Magistrate Judge cannot reasonably be construed to override this factual reality, and further decide that Mr. Smith is dangerous based on alleged statements that are within his protected First Amendment Rights.

The only reason provided for Mr. Smith's detention that encompasses any illegal activity is the alleged offense in the instant case. Mr. Smith is accused of possessing auto sears and attempting to possess hand grenades which were purchased from and FBI informant. Mere possession of weapons or items relating to weapons does not in and of

---

[2]   Although the Order of Detention summarily stated in its introduction that the government met its burden of clear and convincing evidence, its substantive legal analysis failed to address how the government met this burden.

[3]   The disposition of the juvenile case where Mr. Smith was accused of recklessly discharging a firearm three years ago is ambiguous based on the record. The agent testified that "It was thrown out." (Hearing Tr. 65:8-9).

itself demonstrate that a defendant presents a danger.  (Doc. 10 at 10). The detention

statute clearly does not mandate detention merely for possession of weapons or explosive

devices, but authorizes it only in cases where it can be proved by clear and convincing

evidence that the defendant presents a danger or risk of flight. As previously stated, there

was no evidence that Mr. Smith every harmed anyone or had any specific plan to harm

anyone.

The Order of detention than relies on Mr. Smith's possession of multiple firearms,

tactical gear and ammunition. (Doc. 10 at 10). Possession of weapons is not by itself

illegal. It is actually commonplace in this country.[4]  It is clear in the record that Mr. Smith

has had guns for years and has not tried to hurt anyone. The only time anyone was hurt

was the accidental incident three years ago where Mr. Smith's grandmother suffered a

minor injury to her hand as a result of damage to a door from a gunshot. Since then, the

only place where Mr. Smith was alleged to have used firearms was at a firing range,

which is obviously legal and not dangerous.

The Magistrate Judge claimed that Mr. Smith possessed and carried handguns

unlawfully while underage.  Although the findings state that "Under Minnesota law, it is

unlawful for an individual under the age of 21 to possess a handgun unless shooting under

---

[4]

See "Americans have more Guns than Anywhere Else in the World and They Keep
Buying More," Bloomberg, May 22, 2022 (citing a 2018 report that US gun owners
posssess 393.3 million weapons).
https://www.bloomberg.com/news/articles/2022-05-25/how-many-guns-in-the-us-buying-
spree-bolsters-lead-as-most-armed-country.

the supervision of an adult at a range," No authority is cited to support this claim. The Magistrate Judge appears to take the testimony of the FBI agent at face value even though he did not cite any authority. Further the evidence was ambiguous as to whether Mr. Smith was supervised by his grandmother at the range, where the  agent testified based on a combination of hearsay and his inferences, and could not name anyone specifically who ruled out that his grandmother was there. (Hearing Tr. 67-71). In any event, even if there were instances of illegal underage possession of handguns, this would not be a serious crime and would not demonstrate that Mr. Smith posed any danger of harming anyone.

The remaining reasons in support of the conclusion of dangerousness are all based on Mr. Smith's alleged expression of prejudiced beliefs, sympathy with mass shooters, and ideation of violence involving law enforcement. (Doc. 10 at 10). This evidence was problematic first because it was based on snippets of texts and reports of conversations with informants, but without context for the conversations.[5]  In an isolated instance where some context was provided, the agent testified that " Smith believed that the individual who conducted that shooting [Parkland School shooting] was driven to his actions by societal factors and social factors." (Hearing Tr. 29:18-20). The context of this statement shows thoughtfulness rather than dangerousness. Overall, alleged prejudice against various minority groups or even expressed sympathy with violence, all fit within First

---

[5]  Mr. Smith denies racial hatred or advocating violence, and would maintain that the alleged statements were taken out of context or were encouraged by the FBI informants as part of their efforts to coax Mr. Smith into illegal activity.

Amendment protected expression. See e.g. Brandenburg v. Ohio, 395 U.S. 444, 448 (1969); R.A.V. v. City of St. Paul, Minn., 505 U.S. 377, 391–92, 112 S. Ct. 2538, 2547–48, 120 L. Ed. 2d 305 (1992). In the absence of any evidence that Mr. Smith was actually trying to incite violence or had specific plans to carry out acts of violence or any illegal acts, it is not permissible for the Court to determine that Mr. Smith should be denied his liberty based on alleged beliefs.

## CONCLUSION

The Order of Detention must be revoked because it was issued in violation of required statutory procedure. It further must be revoked because it is based on inflammatory claims alleging controversial beliefs by Mr. Smith, but fails to provide sufficient substantive grounds to conclude by clear and convincing evidence that Mr. Smith presents any actual danger to anyone.

Dated:  January 13, 2023                    LAW OFFICE OF JORDAN S. KUSHNER

                                            By  s/Jordan S. Kushner
                                              Jordan S. Kushner, ID 219307
                                              Attorney for Defendant
                                              431 South 7th Street, Suite 2446
                                              Minneapolis, Minnesota  55415
                                              (612) 288-0545