```
         UNITED STATES DISTRICT COURT
            DISTRICT OF MINNESOTA
          CRIMINAL NO. 23-07(DSD/JFD)
```

United States of America,

        Plaintiff,

v.                                          **ORDER**

River William Smith,

        Defendant.

This matter is before the court upon the motions for revocation and objections to United States Magistrate Judge Elizabeth Cowan Wright's order of detention dated December 30, 2022 (R&R). Based on a review of the file, record, and proceedings herein, and for the following reasons, the motions are denied.

**BACKGROUND**

On December 14, 2022, the government charged defendant River Smith with knowingly possessing a machine gun, in violation of 18 U.S.C. § 922(o), and attempting to receive and possess unregistered destructive devices (three explosive grenades), in violation of 26 U.S.C. §§ 5861(d) and 5871.[1] On December 20, 2022, after conducting a detention hearing, the magistrate judge concluded that Smith should be detained under 18 U.S.C. § 3142(e) and (f), because the evidence showed that his release would endanger the community.

---

[1] The government has since indicted Smith on the same counts. ECF No. 17.

The magistrate judge orally explained the basis for her decision on the record. See ECF No. 13, at 109:10-116:19. She then requested that the government submit a draft detention order to the court. Id. at 116:20-21.

Apparently before the government could do so, Smith filed an appeal of the order on December 29, 2022, arguing that the magistrate judge's failure to file a written order explaining the basis for her decision violated 18 U.S.C. § 3142(i)(1), thus invalidating the detention order. See ECF No. 9. The following day, the magistrate judge issued a written order explaining the basis for her detention order, consistent with the statements she made at the detention hearing. See ECF Nos. 10, 13. On January 13, 2023, Smith filed a second motion to revoke detention contesting the substance of the magistrate judge's order. ECF No. 19. The government opposes the motions.

**DISCUSSION**

The district court will modify or set aside a magistrate judge's order on a nondispositive issue only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a). This is an "extremely deferential" standard. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is clearly erroneous when although there is evidence to support it, the

2

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1995) (citations and internal quotation marks omitted). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (citations and internal quotation marks omitted).

Smith has failed to establish that the order is clearly erroneous or contrary to law. First, the magistrate judge's short delay in filing a written order explaining her detention decision does not provide a basis revocation. See United States v. Mahesshwari, 358 F. App'x 765, 767 (8th Cir. 2010) (quoting United States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990) ("Neither the timing requirements nor any other part of the [detention] Act can be read to require, or even suggest, that a timing error must result in release of a person who should otherwise be detained."). Second, the court has carefully reviewed the record and is satisfied that the magistrate judge's analysis and ruling with respect to Smith's danger to the community are well-reasoned and correct. As a result, the court affirms the magistrate judge's order in its entirety and denies Smith's revocation motions.

3

**CONCLUSION**

Accordingly, based on the R&R, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED that:**

1. The order [ECF No. 10] is affirmed in its entirety;

2. The first motion to revoke detention [ECF No. 9] is denied; and

3. The second motion to revoke detention [ECF No. 19] is denied.

Dated: February 1, 2023

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court