UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 23-CR-07 (DSD/JFD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | **)** | |
| | ) | **DEFENDANT'S MEMORANDUM** |
| vs. | ) | **REGARDING UPCOMING PLEA** |
| | ) | |
| RIVER WILLIAM SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant River William Smith, through undersigned counsel, submits this memorandum to advise the Court of a legal issue relating to his upcoming change of plea hearing. The specific concern is whether Count Two of the Indictment legally states an offense.

It is Mr. Smith's intention and plan to plead guilty to the Indictment as charged. There is no plea agreement with the prosecution. For months undersigned counsel has requested that the prosecutor provide its position or proposal as to resolution of the case. After not receiving a response, it is Mr. Smith decision that he wants to take responsibility for his actions and not further prolong the proceedings.

Although Mr. Smith is prepared to plead guilty, undersigned counsel hereby raises the question of whether it would be proper for the Court to ultimately convict Mr. Smith of Count Two if it does not legally state an offense. Count Two is described as an "**Attempt** to Receive or Possess Destructive Devices Not Registered in the National

Firearms Registration and Transfer Record." (Doc. 17)(emphasis added). The underlying facts are that Mr. Smith made agreed to purchase three hand grenades from an undercover FBI informant. The "grenades" provided to Mr. Smith by the informant were purportedly disabled and not capable of exploding.  In other words, he was not provided with real grenades. This is apparently why Mr. Smith is charged with an attempt to receive or possess rather than actual possession.

26 U.S.C. § 5861(d), the operative statute invoked in Count Two, makes it unlawful for person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5871 makes is a felony punishable by up to ten years in prison to violated the substantive statutes. None of the statutory provisions underlying Count Two make is a crime to **attempt** to receive or possess a firearm. It is established that, "To attempt a federal crime is not, of itself, a federal crime. Attempt is only actionable when a specific federal criminal statute makes it impermissible to attempt to commit the crime." United States v. Anderson, 89 F.3d 1306, 1314 (6th Cir. 1996)(citing United States v. Rovetuso, 768 F.2d 809, 821 (7th Cir.1985), *cert. denied,* 474 U.S. 1076, 106 S.Ct. 838, 88 L.Ed.2d 809 (1986); United States v. Manley, 632 F.2d 978, 987 (2d Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981); United States v. York, 578 F.2d 1036, 1038 (5th Cir.), *cert. denied,* 439 U.S. 1005, 99 S.Ct. 619, 58 L.Ed.2d 682 (1978)); see also United States v. Manley, 632 F.2d 978, 987 (2nd Cir. 1980); United States v. Kicklighter, 192 F.Supp.2d

788, 790 (E.D. Tenn. 2002). "Although there are general statutes proscribing aiding and abetting a crime, 18 U.S.C. s 2, and conspiracy, 18 U.S.C. s 371, attempts are separately dealt with in various criminal statutes dealing with the offense committed. When Congress has deemed an attempt to be criminal, it has specifically so declared," York, 578 F.2d at 1038.

Since none of the statutes underlying Count Two of the Indictment against Mr. Smith appear to proscribe intent, this charge appears to be legally invalid. Mr. Smith does not have a desire to contest the charges against him but it appears there is no jurisdiction for over this non-existent offense.

Dated: May 2, 2023                           LAW OFFICE OF JORDAN S. KUSHNER

                                             By s/Jordan S. Kushner
                                                Jordan S. Kushner, ID 219307
                                                Attorney for Defendant
                                                431 South 7th Street, Suite 2446
                                                Minneapolis, Minnesota  55415
                                                (612) 288-0545