UNITED STATES DISTRICT COURT
District of Minnesota
Criminal No. 23-CR-0007 (DSD)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | GOVERNMENT'S REPLY TO DEFENDANT'S POSITION ON SENTENCING |
| v. | |
| RIVER WILLIAM SMITH, | |
| Defendant. | |

The United States of America, through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant United States Attorney Andrew R. Winter, respectfully submits this reply to Defendant's Position on Sentencing at ECF Doc. 91. Among several arguments in his memorandum, Defendant challenges the denial of the "acceptance of responsibility" adjustment under U.S.S.G. § 3E1.1, disputes the two-level enhancement for "three or more" firearms under U.S.S.G. § 2K2.1, and opposes an upward departure under U.S.S.G. § 5K2.0(a)(1)(A). The government responds to each of these below.

1. Application of U.S.S.G. § 3E1.1

"The key issue is whether the defendant has shown 'a recognition and affirmative responsibility for the offense and sincere remorse." *United States v. Nguyen*, 52 F.3d 192, 194 (8th Cir. 1995) (quoting *United States v. Knight*, 905 F.2d 189, 192 (8th Cir. 1990)). The government maintains that a 3-level downward adjustment for acceptance of responsibility is not warranted in this unique case. In response to information set forth in

the PSR concerning Defendant's post-plea behavior, he argues that he has "calmed down" since receiving medications in August of 2023. *See* Defendant's Position on Sentencing at ECF, Doc. 91, p. 10. Belying this claim are a multitude of recorded jail calls occurring *after* August of 2023 in which he issues veiled threats of retaliation in the event he is dissatisfied in his sentencing. For example, on September 18, 2023, Defendant spoke to his mother and threatened, "if I have to do 120 [months], they have my word that I won't leave this country. It'll be settled right here." This continued on September 23, 2023 when he spoke to his grandmother: "give me seven years and I promise you, you'll find out why I did go to that range that much and why I took that so seriously. Cause it's the one skill that helps deal with little fuckin' cocksuckers like that." On October 16, 2023, Defendant lamented that shooting his enemies would be "too good for them. It almost needs to be worse than that. And I don't know how you make it worse than that. Put' em [indiscernible] of Molotov cocktails on them."

    2. U.S.S.G. § 2K2.1 (number of firearms)

Defendant objects to the two level enhancement for the number of firearms involved in the offense. ECF, Doc. 91, ps. 18-21. The government relies upon its argument in its previously filed sentencing memorandum. *See* Government's Position on Sentencing at ECF Doc. 87, ps. 11-12.

    3. U.S.S.G. § 4A1.3 (inadequacy of criminal history category)

Defendant argues that the nature of his criminal history does not merit an upward departure under § 4A1.3. ECF Doc. 91, ps. 22-24. Defendant's argument focuses on the

types of information cited within the text of § 4A1.3 that are not present (or present to a lesser extent) in this case. He ignores the fact that this list – by its own terms – is not exclusive ("[t]he information described in subsection (a)(1) *may* include information concerning the following... (emphasis added)). *See* U.S.S.G. § 4A1.3(a)(2). The government's focus is not on the "seriousness of the defendant's criminal history" but rather on the overarching standard set forth in U.S.S.G. § 4A1.3(a)(1), specifically "if reliable information indicates that the defendant's criminal history category…underrepresents the likelihood that the defendant will commit other crimes, an upward departure may be warranted". His juvenile offense history combined with all of the facts and circumstances in his current case suggest that a Category I Criminal History indeed underrepresents the likelihood that Defendant will commit other crimes.

5. § 3553(a) Factors

The need to avoid unwarranted sentence disparities is but one of several factors for this Court to consider. While the government recognizes that the requested sentence goes beyond the advisory guidelines range and is longer than many sentences imposed for a violation of 18 U.S.C. § 922(o), there can be no *unwarranted* disparity in an above-guideline sentence here when all of the circumstances of this case are given due consideration. Given the extreme danger presented by this defendant, any disparity between this sentence and others in the District is, in fact, warranted.

Defendant relies heavily upon a report from his own psychologist in support of a downward variance. One of his arguments posits that the defendant was "vulnerable to being influenced by the government informants." ECF 91, p. 11. Whether or not Defendant

was vulnerable, he had an extensive pre-existing infatuation with firearms and violence and he commonly espoused hateful rhetoric. The following are photographs taken by Defendant in 2020 – two years *before* encountering any CHS:



Likewise, in November of 2021 – one year *before* he met any FBI CHSs – he posted the below photograph on Discord, claiming "This isn't even half of my Muslim killing arsenal," followed by, "Christchurch mosque[1] moment.":

---

[1] A search of the defendant's two cell phones after his arrest revealed photographs of the weapons used in the 2019 Christchurch mass shooting in New Zealand.



Ultimately, the defendant is a heavily armed, angry, socially isolated, and bullied marksman who harbors a grievance against law enforcement, racial and religious minorities, members of the LGBTQ community, and virtually anyone who does not fit in with his vision of society. The defendant presents a unique danger to the community and the sentence imposed in this case should reflect this reality.

## CONCLUSION

For all these reasons and those set out in the Government's Position on Sentencing at ECF Doc. 87, the United States respectfully asks this Court to sentence Defendant to a term of imprisonment of ten years, followed by a three-year term of supervised release.

Dated: January 18, 2024						Respectfully submitted,

							ANDREW M. LUGER
							United States Attorney

							*s/ Andrew R. Winter*

							BY: ANDREW R. WINTER
							Assistant United States Attorney
							Attorney ID No. 0232531